# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD,<br><br>           Plaintiff,<br><br>   v.<br><br>JAMES E. TILTON, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:08-cv-00059-AWI-GBC PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. 18)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Gregory Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint, filed January 14, 2008, was screened and dismissed with leave to amend for failure to state a claim on June 4, 2009. (Docs. 1, 17.) The first amended complaint, filed June 23, 2009, is currently before the Court. (Doc. 18.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.  Complaint Allegations

Plaintiff, an African American, is currently incarcerated at Calipatria State Prison. The incidents in the complaint occurred while he was housed at California Substance Abuse Treatment Facility and State Prison ("CSATF") in Corcoran, California.

Plaintiff was confined to his cell after a stabbing incident involving an African American inmate and a correctional officer. Initially, all inmates were placed in lock down status. (Doc. 1, Comp., § IV.) After searches and interviews were conducted inmates from all races, except African Americans, were allowed to participate in outdoor exercise opportunities. (Id., § IV, p. 4.) Plaintiff was only allowed out of his cell for approximately 10 minutes every other day to shower from October 7, 2006 to February 3, 2007, causing him to have headaches, muscle cramps, anxiety, stress, depression, and fatigue. (Id., § IV.)

During the lock down period prison officials passed out program status reports ("PSR") which were approved by the correctional lieutenants, facility captain, warden, regional director, and

1  director. Plaintiff alleges that the deprivation of outdoor exercise from October 7, 2006 to February
2  3, 2007, was "not for reasons of safety and security," "was continued in bad faith," and was an
3  exaggerated response to the October 7, 2006 staff assault. (Id., p 11.)

4  Plaintiff alleges that Director James Tilton and an unknown Regional Director gave daily
5  approval to continue the lock down. Warden W. J. Sullivan was responsible for care and custody
6  of inmates and signed the PSR approving the lock down. Acting Wardens S. Curtis and F. Gonzalez
7  approved and signed the PSR recommending that the lock down continue. Associate Warden M.
8  Carrasco, Correctional Lieutenants J. Peterson, K. Prior, and P. Matzen recommended that the lock
9  down continue and signed the PSR. Facility Captain D. Zanchi, Correctional Lieutenants G.A.
10 Magallanes, and J. Jones recommended that the lock down continue. Correctional Lieutenant
11 Slankard and Doctor Pennington interviewed Plaintiff in response to his filing a grievance.

12 Plaintiff brings suit claiming cruel and unusual punishment under the Eighth Amendment.
13 He is seeking an injunction requiring a mini concrete yard program be made available to lock down
14 inmates and a psychiatric technician be assigned to the general population during a lock down at
15 CSATF and compensatory and punitive damages. (Id., § V.)

16 **III.    Discussion**

17 Liability under section 1983 exists where a defendant "acting under the color of law" has
18 deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen
19 v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment
20 the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and
21 make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
22 health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted); see
23 also Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

24 Deliberate indifference requires a showing that "prison officials were aware of a "substantial
25 risk of serious harm" to an inmates health or safety and that there was no "reasonable justification
26 for the deprivation, in spite of that risk.". Id.(quoting Farmer v. Brennan, 511 U.S. 825, 837, 844
27 (1994). The circumstances, nature, and duration of the deprivations are critical in determining
28 whether the conditions complained of are grave enough to form the basis of a viable Eighth

1  Amendment claim. " <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006).

2  Exercise is a basic need protected by the Eighth Amendment. <u>Thomas</u>, 611 F.3d at 1151.
3  To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would
4  violate the Eighth Amendment rights of the plaintiff. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir.
5  1996). The denial of outdoor exercise from October 7, 2006 to February 3, 2007, based upon the
6  alleged incident involving a single African American inmate attacking a correctional officer, would
7  be a sufficiently serious deprivation to constitute a violation of the Eighth Amendment.

8  **A.  Defendants Approving PSR**

9  Plaintiff's allegations that Defendants Tilton, the unknown Regional Director, W. J. Sullivan,
10 S. Curtis, F. Gonzalez, M. Carrasco, J. Peterson, K. Prior, P. Matzen, D. Zanchi, G.A. Magallanes,
11 and J. Jones recommended that the lock down continue are sufficient to demonstrate that Defendants
12 participated in the decision to deprive Plaintiff of outdoor exercise in violation of the Eighth
13 Amendment.

14 **B.  Defendant M. Slankard.**

15 Plaintiff alleges that Defendant Slankard violated his Eighth Amendment rights because he
16 interviewed Plaintiff as part of the grievance process and failed to intervene. However, the prison
17 grievance procedure does not confer any substantive rights upon inmates and actions in reviewing
18 appeals cannot serve as a basis for liability under section 1983. <u>Buckley v. Barlow</u>, 997 F.2d 494,
19 495 (8th Cir. 1993). There is no allegation that Defendant Slankard was linked to the decision to
20 lock down the inmates. <u>Jones</u>, 297 F.3d at 934. Plaintiff fails to state a cognizable claim for a
21 constitutional violation against Defendant Slankard.

22 **C.  Defendant Pennington**

23 Plaintiff's allegations that Defendant Pennington violated his Eighth Amendment rights
24 because she interviewed him regarding his symptoms and failed to intervene fails to state a
25 cognizable claim. The facts alleged do not link Defendant Pennington to the decision to continue
26 the lock down. <u>Jones</u>, 297 F.3d at 934.

27 **D.  Injunctive Relief**

28 Plaintiff requests an injunction requiring a mini concrete yard program be made available to

4

lock down inmates and a psychiatric technician be assigned to the general population during lock downs at CSATF. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Although Plaintiff alleges that there is a likelihood that he could be housed at CSATF in the future, his claim is "too speculative" to prevent mootness. Dilley, 64 F.3d at 1369; Johnson, 948 F.2d at 520. Since Plaintiff is no longer incarcerated at CSATF, the injunctive relief he is seeking is moot. Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

**VI.    Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendants Tilton, the unknown Regional Director,[1] W. J. Sullivan, S. Curtis, F. Gonzalez, M. Carrasco, J. Peterson, K. Prior, P. Matzen, D. Zanchi, G.A. Magallanes, and J. Jones for a violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Tilton, the unknown Regional Director, W. J. Sullivan, S. Curtis, F. Gonzalez,

---

[1] The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

M. Carrasco, J. Peterson, K. Prior, P. Matzen, D. Zanchi, G.A. Magallanes, and J. Jones on the Eighth Amendment claim, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with eleven summons and eleven USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Tilton, W. J. Sullivan, S. Curtis, F. Gonzalez, M. Carrasco, J. Peterson, K. Prior, P. Matzen, D. Zanchi, G.A. Magallanes, and J. Jones.[2]

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in

---

[2] The United States Marshal cannot initiate service of process on unknown defendants. Therefore, the court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains that identities of the Doe defendants.

6

       this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Tilton, the unknown Regional Director, W. J. Sullivan, S. Curtis, F. Gonzalez, M. Carrasco, J. Peterson, K. Prior, P. Matzen, D. Zanchi, G.A. Magallanes, and J. Jones; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: October 22, 2010

                UNITED STATES MAGISTRATE JUDGE