# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD, | CASE NO. 1:08-cv-00059-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | Doc. 45 |
| JAMES E. TILTON, et al., | |
| Defendants. | |

On January 14, 2008, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On October 25, 2010, the Court found a cognizable Eighth Amendment claim for deprivation of outdoor exercise. Doc. 21. On November 28, 2011, Plaintiff filed a motion to compel, objecting to the discovery responses provided by Defendants and requesting Defendants provide Plaintiff with specific dates of recommendation to release inmates for outdoor exercise. Doc. 45. On March 2, 2012, Defendants filed an opposition to Plaintiff's motion to compel. Doc. 46. This matter is deem submitted pursuant to Local Rule 230(l).

In Plaintiff's motion, he requests the dates Defendants recommended to release African American inmates to normal exercise program. Mot. Compel at 2-5, 9-13, Doc. 45.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide

1  further responses to "an evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P.
2  37(a)(3).

3   Defendants submitted a declaration by Barry Alves, stating that after a review of all available
4  information, Defendants do not recall the exact dates they recommended to release African American
5  inmates to normal exercise program. Defs. Opp'n, Alves Decl., Doc. 46. Defendants also produced
6  120 pages of exhibits that Defendants provided to Plaintiff in discovery, to support their declaration
7  that the exact dates are not contained the exhibits. *See* Defs. Opp'n, Alves Decl., Doc. 46. "The
8  answering party may assert lack of knowledge or information as a reason for failing to admit or deny
9  only if the party states that it has made reasonable inquiry and that the information it knows or can
10 readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). After reviewing
11 all available information, Defendants do not recall the exact dates. Defs. Opp'n, Alves Decl., Doc.
12 46. Since Defendants do not recall the exact dates and Plaintiff's request seeks information based
13 on Defendants' memory, Plaintiff's motion to compel is denied.

14   Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

16 IT IS SO ORDERED.

18 Dated:  April 10, 2012                    UNITED STATES MAGISTRATE JUDGE